UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RACHEL LIEBER, NORMA HORNE )<br>and DENNIS HARRISON, )<br>)<br>Defendants. ) | Civil Action No.: 1:07-CV-01027<br>Judge Richard J. Leon |

### DEFENDANT DENNIS HARRISON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Dennis Harrison (hereafter "Harrison"), by and through counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b), for an Order dismissing Plaintiff's complaint against him. Plaintiff failed to effectuate proper service against Defendant Harrison pursuant to Fed. R. Civ. P. 4(c) and (e), and therefore, this Court lacks personal jurisdiction over this Defendant. Additionally, defendant Harrison, respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing plaintiff's complaint with prejudice because plaintiff has failed to state a claim against him for which he is entitled to relief. The suit against Defendant Harrison is an official-capacity suit, and plaintiff must look to the District of Columbia as the proper party defendant for his requested relief. Moreover, Defendant Harrison is entitled to the defense of qualified immunity. Lastly, plaintiff's Fourteenth Amendment claim fails as a matter of law since it is inapplicable to District employees.

In support of his motion, Defendant Harrison refers this Court to the attached memorandum of points and authorities.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/ Rachel R. Hranitzky_____
        RACHEL R. HRANITZKY [974458]
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor North
        Washington, D.C. 20001
        (202) 442-9754; (202) 727-6295
        rachel.hranitzky@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2007, I caused a copy of the foregoing Defendant Dennis Harrison's Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities in Support Thereof, and Proposed Order to be served via first class mail, postage prepaid to the following pro se plaintiff: Antoine Jones, DC #241-912, 1901 D Street, S.E., Washington, D.C. 20003.

        /s/ Rachel R. Hranitzky_____
        RACHEL R. HRANITZKY
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES, ) | |
| ) | Civil Action No.: 1:07-CV-01027 |
| Plaintiff, ) | Judge Richard J. Leon |
| ) | |
| v. ) | |
| ) | |
| RACHEL LIEBER, NORMA HORNE ) | |
| and DENNIS HARRISON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DENNIS HARRISON'S MOTION TO DISMISS**

### I.    PRELIMINARY STATEMENT

Plaintiff filed the instant action on June 8, 2007, against Rachel Leiber, Norma Horne and Dennis Harrison. *See* Docket Entry #1. Plaintiff alleges that on or about November 22, 2005, Metropolitan Police Detective Norma Horne, falsely filed a probable cause affidavit for a search warrant for a jail cell that he occupied. Plaintiff further alleges that Assistant U.S. Attorney Rachel Lieber issued an order on November 23, 2005, to place him in lockdown without a court order. Lastly, plaintiff avers that Acting Warden Dennis Harrison (hereafter "Harrison"), placed him in lockdown without a court order. *See* Complaint, Section V. Plaintiff claims that the alleged foregoing actions violated his civil rights. *Id*.

Plaintiff seeks both compensatory and punitive damages pursuant to 42 U.S.C. § 1983, for these alleged violations of his rights under the First, Eighth and Fourteenth Amendments. *See* Complaint, generally. For the following reasons, Defendant Harrison is entitled to dismissal of the Complaint against him as a matter of law.

## II.   ARGUMENT

### A.   Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b).

Fed. R. Civ. P. 12(b) provides that the following defense may be made at the option of the pleader by motion: (2) lack of jurisdiction over the person. Therefore, dismissal is appropriate if the evidence shows that the Court lacks jurisdiction over the person. Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant. *See Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). *See also*, *Nikbin v. Islamic Republic of Iran,* 2007 U.S. Dist. LEXIS 1903 (D.D.C. Jan. 11, 2007)

### B.   Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(5).

A party can move the court to dismiss a complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 259 U.S. App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Fed. R. Civ. P. 12(b)(5) provides that dismissal is proper where there is insufficiency of service of process.

### C.   Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

> D. **Plaintiff Failed to Effectuate Proper Service against Defendant Harrison, and Therefore, This Court Lacks Personal Jurisdiction Over Him.**

Fed. R. Civ. P. 4(c) provides that "[a] summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed…." Plaintiff's Process Receipt and Return evidences that on July 12, 2007, Sergeant Aden Bushee was served with a summons and complaint for Defendant Harrison at Defendant Harrison's former place of employment. While Defendant Harrison has ultimately received a copy of the summons and complaint, service was improper. *See McLaughlin v. Fidelity Sec. Life Ins.,* 667 A.2d 105 (D.C. 1995), holding whether defendant received actual notice of the action is immaterial to the sufficiency of service of process.

Service is improper where a person other than the named party to the lawsuit who is not an agent authorized by appointment or by law receives the service of process. *See, Cheng v. Cheung*, 710 A.2d 877 (D.C. 1998) (service upon the defendant's wife at the place of business rather than the residence was improper); *Morfessis v. Marvins Credit, Inc.,* 77 A.2d 178 (D.C. 1950) (service by certified mail on defendant at place of business where papers were signed by secretary is improper without showing that secretary was agent authorized to receive service of process). Plaintiff has failed to provide any information that shows that Sergeant Bushee was authorized by appointment or by law to receive service of process on behalf of Defendant Harrison. *See* Process Receipt and Return for Dennis Harrison, Docket Entry #6. Because Defendant Harrison has not given authorization to Sergeant Bushee to accept service of process

4

on his behalf, plaintiff has not properly effected upon Defendant Harrison, and this lawsuit must be dismissed against him.

### E. Plaintiffs' action against defendant Dennis Harrison is an official-capacity suit and must be dismissed.

A review of plaintiffs' Complaint demonstrates that he has sued Defendant Harrison in his official-capacity only. There are no specific allegations set forth in plaintiff's Complaint that Defendant Harrison had any personal knowledge about or involvement in any of plaintiff's claims. *See* Complaint, generally. The U.S. Supreme Court has ruled upon the issue of official-capacity suits. The Supreme Court has held that,

> Official-capacity suits . . ."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] . . . the real party in interest is the entity. Thus, . . . a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985). The District of Columbia is the true party defendant in this action. Consequently, Defendant Harrison should be dismissed because the District of Columbia is the proper party defendant, and plaintiff must look to the District for any requested relief.

### F. Defendant Harrison is entitled to qualified immunity.

Defendant Harrison is entitled to qualified immunity in this case. The purpose of qualified immunity is to protect governmental officials against insubstantial lawsuits which have the following societal costs: l) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald,* 457 U.S. 800, 814 (1982). *See also, Procunier v. Navarette,* 434 U.S. 555 (1978) (state prison

4

officials possess qualified immunity for their discretionary acts). Qualified immunity shields a government official from liability as long as his action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton,* 483 U.S. 635, 638 (l987). After an assertion of qualified immunity, these persons are protected from suit if their officials acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time of the alleged illegal action. *Id.*

A government official should prevail on the qualified immunity defense even if he is mistaken, if a reasonable government official could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson,* 483 U.S. at 641. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law.

To prevail against Defendant Harrison, plaintiff must show that his conduct violated plaintiff's constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a right has been violated, then the court must access ". . . whether it would be clear [or foreseeable] to a government official that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202. Plaintiff has failed to plead any facts to show that defendant Harrison's actions violated his constitutional rights, that he was deliberately indifferent and/or that he knowingly failed to take action that he reasonably believed would alleviate serious risks of harm to the plaintiff. Based on the allegations set forth in the Complaint against Defendant Harrison, he is entitled to qualified immunity as a matter of law.

### G. The Fourteenth Amendment Is Inapplicable to District Employees.

Plaintiff seeks to use the Fourteenth Amendment as a theory for liability for his 42 U.S.C. §1983 claims against Defendant Harrison in this lawsuit. *See* Complaint, pg 1, ¶1 of type written complaint of Antoine Jones which is a part of Docket Entry #1. Plaintiff's claims under the Fourteenth Amendment are untenable against Defendant Harrison because the

Fourteenth Amendment does not apply to the actions of the District of Columbia or its officials/employees. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1953). Rather, the Fifth Amendment provides protection against the District and/or its officials/employees. *Id*. As such, plaintiff's claims filed under the Fourteenth Amendment must be dismissed as a matter of law.

### III.   CONCLUSION

As set forth above, plaintiff has failed to effectuate proper service against defendant Horne, and therefore this Court lacks personal jurisdiction over defendant Horne. Accordingly, the lawsuit against defendant Harrison must be dismissed. Additionally, Plaintiff's action against Defendant Harrison is an official-capacity suit and must be dismissed. Moreover, Defendant Harrison is entitled to qualified immunity and the Fourteenth Amendment is inapplicable to District employees. This defendant is entitled to dismissal of plaintiff's lawsuit against him as a matter of law.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky_____
 RACHEL R. HRANITZKY [974458]
 Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RACHEL LIEBER, NORMA HORNE )<br>and DENNIS HARRISON, )<br>)<br>Defendants. ) | Civil Action No.: 1:07-CV-01027<br>Judge Richard J. Leon |

## ORDER

Upon consideration of defendant Dennis Harrison's Motion to Dismiss Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is this _____ day of _____, 2007,

ORDERED: that Dennis Harrison's Motion to Dismiss is hereby GRANTED for the reasons set forth in his motion, and it is,

FURTHER ORDERED: that plaintiff's action shall be dismissed against Dennis Harrison with prejudice.

_____
Judge Richard J. Leon
U.S. District Court for the District of Columbia