UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINE JONES
(Plaintiff)

V    Civil Action No. 07-1027(RJL)

RACHEL LIEBER, NORMA HORNE,
DENNIS HARRISON
(Defendants)

### Plaintiff Jones' Response to Document 8 (Norma Horne Motion to Dismiss & Document 9 (Dennis Harrison Motion to Dismiss)

Response to Document 8, Norma Horne's motion to dismiss, the Honorable Judge Leon denied Norma Horne's motion without prejudice and further ordered that the clerk shall provide the summons and a copy of the complaints to the United States Marshall who shall effect <u>personal</u> service of same upon Norma Horne. Filed 7/31/2007 Document 10.

Response to Document 9, Dennis Harrison's motion to dismiss for lack of jurisdiction pursuant to Fed Rule Civ.P.12(B) and plaintiff failed to effectuate proper service against defendant Harrison pursuant to Fed R. Civ. 4(c) and therefore, this court lacks personal jurisdiction over the defendant.

Additionally, defendant Harrison, moves this court, pursuant to Fed. R.Civ. P12(B)(6) order dismissing plaintiff's complaint with prejudice because plaintiff has failed to state claim against him for which he is entitled to relief. Defendant Harrison claims, the suit against Defendant Harrison is an official-capacity suit, and plaintiff must name the District of Columbia as the proper party defendant for his requested relief. Defendant Harrison states he is entitled to the defense of qualified immunity.

RECEIVED
AUG 2 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Lastly, plaintiff's fourteenth Amendment claim fails as a matter of law since it is inapplicable to District employees.

Response to Dennis Harrison's motion.  <u>Time Limit for service.</u>  If serviced of the summons and complaint is not made upon a defendant within <u>120 days</u> after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

Defendant Jones has been incarcerated since October 24, 2005, and has no funds or resources to present summons to defendants.  Mr. Jones is relying on the Courts to assist him with the service to the named defendants.  Further, Jones has no information regarding defendants' places of residence or any physical address.  Jones only has the place of business where defendants are employed; Norma Horne: DC Metropolitan Police Department, Dennis Harrison: DC Department of Corrections, DC Jail, and Rachel Lieber: US Department of Justice, US Attorney's Office.

## FACTS

On August 5, 2007, Jones sent summons to the Clerk of the United States District Court requesting the service of the U.S. Marshal Service.  In addition, Jones also sent "Notice of Intent" to the U.S. Attorney General, Alberto Gonzales and to Mayor Adrian Fenty.

Conclusion:  Jones has taken months to follow the policy and guidelines of the Department of Corrections by exhausting all grievance remedies up to, and including

writing the Mayor's office. During this process, Jones was under the mercy of Acting Warden, Dennis Harrison. Jones' complaints were neglected and Mr. Harrison and his administration displayed unprofessional conduct in this matter. Mr. Harrison should have recognized the communication from Rachel Lieber to put Mr. Jones in Total Separation was not a court order. Jones further interjects that the tactic was a ploy by Ms. Lieber to spy on Jones' defense in order to leverage a technical advantage for the prosecutors, albeit out or order and out of line.

I submit as an exhibit, a copy of the memorandum to Antoine Jones from Dennis Harrison, Acting Warden, dated March 1, 2006, subject: Inmate Grievance Procedure. Acting Warden Harrison stated, "In response to your grievance the Housing Board conducted a housing hearing on December 15, 2005 to determine your housing status. Per the US Attorney's Office request you are to be placed on Total Separation from general population, also phone restriction and mail privileges. Therefore, you were placed on status total separation, which was explained during your initial review and the unit case manager conducted all follow-up reviews. Your case was shared with chief unit case manager, Ms. Leona Bennett for further resolution.
Therefore, this matter is considered resolved."

Based on the statements made in this memorandum signed by Acting Warden Harrison, Jones claims that the Acting Warden Harrison was therefore responsible for his actions, his decision and the actions of the unit case manager, chief unit case manager, and his administration. Jones was a minimum security detainee who was subjected to a maximum security environment as well as unsafe and unhealthy environment without any provocation on behalf of Jones. Acting Warden Harrison, Department of Corrections,

District of Columbia Government; Assistant US Attorney Rachel Lieber, U.S. Department of Justice; Detective Norma Horne, DC Metropolitan Police Department are responsible for professional misconduct, foul play and lack of professionalism.

Respectfully submitted,

ANTOINE JONES, pro se

*Antoine Jones*

## CERTIFICATE OF SERVICE

I hereby certify and declare that a true and accurate copy of the foregoing, _Motion to Response, Documents 9_, was placed into This institution's mail receptacle on this __17__, day of, __August__, 2007, to make service on the U.S. Attorney's office for the District of Columbia, 555-4th Street, N.W., Washington, D.C. 20530.


_Antoine Jones_                     _241912_