**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTOINE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RACHEL LIEBER, NORMA HORNE )<br>and DENNIS HARRISON, )<br>)<br>Defendants. ) | Civil Action No.: 1:07-CV-01027<br>Judge Richard J. Leon |

## DEFENDANT NORMA HORNE'S MOTION TO DISMISS

Defendant Norma Horne (hereafter "Defendant Horne") respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(1) for an Order dismissing plaintiff's Complaint in its entirety. Plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 9. Additionally, Defendant Horne is entitled to the defense of qualified immunity. Lastly, plaintiff's Fourteenth Amendment claim fails as a matter of law since it is inapplicable to District employees.

In support of her motion, Defendant Horne refers the Court to her attached memorandum of points and authorities.

                Respectfully submitted,

                LINDA SINGER
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                /s/ Patricia A. Jones_____
                PATRICIA A. JONES [428132]
                Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky_____
RACHEL R. HRANITZKY [974458]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August, 2007, I caused a copy of the foregoing Defendant Norma Horne's Motion to Dismiss, Memorandum of Points and Authorities in Support Thereof, and Proposed Order to be served via first class mail, postage prepaid to the following pro se plaintiff: Mr. Antoine Jones, DC #241-912, 1901 D Street, S.E., Washington, D.C. 20003.

/s/ Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES,                )<br>                                           )<br>            Plaintiff,           )<br>                                           )<br>v.                                      )<br>                                           )<br>RACHEL LIEBER, NORMA HORNE   )<br>and DENNIS HARRISON,      )<br>                                           )<br>            Defendants.     ) | Civil Action No.: 1:07-CV-01027<br>Judge Richard J. Leon |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORMA HORNE'S MOTION TO DISMISS

Defendant Norma Horne (hereafter "Defendant Horne") respectfully submits this Memorandum of Points and Authorities in support of her motion to dismiss.

### I.   PRELIMINARY STATEMENT

Plaintiff filed the instant action on June 8, 2007, against Rachel Leiber, Norma Horne and Dennis Harrison. *See* Docket Entry #1. Plaintiff alleges that on or about November 22, 2005, Metropolitan Police Detective, Defendant Norma Horne, falsely filed a probable cause affidavit for a search warrant for a jail cell that he occupied. Plaintiff further alleges that Assistant U.S. Attorney Rachel Lieber issued an order on November 23, 2005, to place him in lockdown without a court order. Lastly, plaintiff avers that Acting Warden Dennis Harrison placed him in lockdown without a court order. *See* Complaint, Section V. Plaintiff claims that the alleged foregoing actions violated his civil rights. *Id*.

Plaintiff seeks both compensatory and punitive damages pursuant to 42 U.S.C. §1983, for these alleged violations of his rights under the First, Eighth and Fourteenth Amendments. *See*

Complaint, generally. For the following reasons, Defendant Horne is entitled to dismissal of the Complaint against her as a matter of law.

## II.     ARGUMENT

### A.     Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

### B.     Plaintiff's Complaint Does Not Satisfy Rule 9 and Dismissal is Appropriate.

According to Fed. R. Civ. P. 9, "in all averments of fraud …, the circumstances constituting fraud…shall be stated with particularity." In this case, plaintiff avers that Defendant Horne deceived and misled Judge Alan Kay by fabricating the existence of probable cause in her affidavit for a search warrant for his jail cell. *See* Complaint, generally. These conclusory allegations without any factual support are insufficient to maintain this cause of action against this defendant. *See Bell Atlantic Corp., supra,* holding that a plaintiff must provide more than mere conclusions in his complaint, and must aver sufficient facts to state a claim for relief. Plaintiff's failure to recite specific facts to support his entitlement to relief from this defendant precludes his ability to maintain this action against Defendant Horne.

**C.     Defendant Horne is entitled to qualified immunity.**

Defendant Horne is entitled to qualified immunity in this case. The purpose of qualified immunity is to protect governmental officials against insubstantial lawsuits which have the following societal costs: l) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald,* 457 U.S. 800, 814 (1982). *See also, Procunier v. Navarette,* 434 U.S. 555 (1978) (state prison officials possess qualified immunity for their discretionary acts). Qualified immunity shields a government official from liability as long as his action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton,* 483 U.S. 635, 638 (l987). After an assertion of qualified immunity, these persons are protected from suit if their officials acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time of the alleged illegal action. *Id.*

A government official should prevail on the qualified immunity defense even if he is mistaken, if a reasonable government official could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson,* 483 U.S. at 641. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law.

To prevail against Defendant Horne, plaintiff must show that her conduct violated plaintiff's constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a right has been violated, then the court must assess ". . . whether it would be clear [or foreseeable] to a government official that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202. Plaintiff avers that Defendant Horne submitted a false affidavit in support of a search warrant of his jail cell. There is no information contained in his complaint as to what

3

the false statement was, and/or that this defendant knew or should have known that the statements were false. *See* Complaint, generally. In fact, plaintiff has failed to plead any facts to show that Defendant Horne's actions violated his constitutional rights, that she was deliberately indifferent and/or that she knowingly failed to take action that she reasonably believed would alleviate serious risks of harm to him. Based on the allegations set forth in the Complaint against Defendant Horne, she is entitled to qualified immunity as a matter of law.

### D.   The Fourteenth Amendment Is Inapplicable to District Employees.

Plaintiff seeks to proceed against this defendant under the Fourteenth Amendment for his 42 U.S.C. §1983 claims. *See* Complaint, pg 1. Plaintiff's claims under the Fourteenth Amendment are untenable against Defendant Horne because the Fourteenth Amendment does not apply to the actions of the District of Columbia or its officials/employees. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1953). Rather, the Fifth Amendment provides protection against the District and/or its officials/employees. *Id*. As such, plaintiff's claims filed under the Fourteenth Amendment must be dismissed as a matter of law.

### III.   CONCLUSION

As set forth above, this lawsuit against Defendant Horne must be dismissed in its entirety because plaintiff has failed to satisfy the requirements of Rule 9, Ddefendant Horne is entitled to qualified immunity and the Fourteenth Amendment is inapplicable to District employees. Thus, Defendant Horne is entitled to dismissal of plaintiff's lawsuit against her as a matter of law.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky_____
RACHEL R. HRANITZKY [974458]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RACHEL LIEBER, NORMA HORNE )<br>and DENNIS HARRISON, )<br>)<br>Defendants. ) | Civil Action No.: 1:07-CV-01027<br>Judge Richard J. Leon |

## ORDER

Upon consideration of defendant Norma Horne's Motion to Dismiss Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is this _____ day of _____, 2007,

ORDERED: that Norma Horne's Motion to Dismiss is hereby GRANTED for the reasons set forth in his motion, and it is,

FURTHER ORDERED: that plaintiff's action shall be dismissed against Norma Horne with prejudice.

_____
Judge Richard J. Leon
U.S. District Court for the District of Columbia