**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTOINE JONES,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> RACHEL LIEBER, NORMA HORNE  ) <br> and DENNIS HARRISON,  ) <br>  ) <br> Defendants.  ) | Civil Action No.: 1:07-CV-01027 <br> Judge Richard J. Leon |

**DEFENDANTS NORMA HORNE AND DENNIS HARRISON'S OPPOSITION TO PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

Defendants Norma Horne (hereafter "Horne") and Dennis Harrison (hereafter "Harrison) (hereafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby oppose Plaintiff's Motion for Appointment of Counsel because: 1) a plaintiff is not entitled to counsel in a civil case; and 2) plaintiff has not indicated any efforts to secure counsel as required by LCvR 83.11.

**A      Plaintiff Is Not Entitled to the Assistance of Counsel in a Civil Case.**

In criminal cases, an indigent defendant has the right to have counsel appointed to assist in his defense. This right is grounded in the Sixth Amendments of the United States Constitution. *See Scott v. Illinois*, 440 U.S. 367, 373-74 (1979) ("We therefore hold that … the Sixth … Amendment[] to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.") The District of Columbia Court of Appeals has recognized that the Criminal Justice Act (CJA) confines the right to counsel to criminal proceedings. *See Cloutterbuck v. Cloutterbuck*, 556 A.2d 1082, 1084 (D.C. 1989). The case

now before this Court is a civil matter. Therefore, plaintiff is not entitled to an appointment of counsel. While a litigant has the right to **retain** counsel, a party in a civil matter **is not entitled** to "appointed counsel." *See Coronado v. City & Cty. of San Francisco*, 1988 U.S. Dist. LEXIS 11068 (July 17, 1998); *Mekdeci v. Merrell Nat'l Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983) (holding appointment of counsel in civil case is not a constitutional right.) *See also*, *Potashnick v. Port City Constr. Co.*, 699 F.2d 1101, 1118 (5th Cir.), *cert. denied*, 499 U.S. 820 (1980); *citing Hullum v. Burrows*, 266 F.2d 547 (6th Cir.), *cert. denied*, 361 U.S. 919 (1959) and *McGaughy v. Gardner*, 296 F. Supp. 33, 36 (E.D. La. 1967) (holding that the right to retain counsel does not require the government to provide counsel to a civil litigant.) Accordingly, this Court should deny plaintiff's motion to appoint counsel in this litigation.

I.   **Plaintiff Has Failed to Meet the Requirements of LCvR 83.11.**

Plaintiff has failed to meet his burden to warrant the appointment of counsel. Local Rule 83.11 creates a Civil *Pro Bono* Panel to allow indigent parties the opportunity to seek appointment of counsel. However, even with such mechanisms in place, the appointment of counsel is not automatic. Civil parties requesting counsel must apply for the appointment and bear the burden of convincing the court that their particular circumstances justify this appointment. *See Poindexter v. F.B.I.*, 737 F.2d. 1173 (D.C. Cir. 1984) (discussing the criteria for appointment of counsel in a Title VII case). LCvR 83.11(b)(3) reads:

> When leave has been granted pursuant to 28 U.S.C. §1915 for a pro se litigant to proceed in forma pauperis, the judge to whom the case is assigned may, on application by the pro se party or otherwise, appoint an attorney from the Panel to represent such party. The appointment should be made taking into account: (i) the nature and complexity of the action; (ii) the potential merit of the pro se party's claims; (iii) the demonstrated inability of the pro se party to retain counsel by other means; and (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the

assistance of the appointed counsel.

Other circuits, specifically the Fifth Circuit, have held this provision to require a plaintiff to submit rejection letters from counsel attesting to the plaintiff's efforts.  In the absence of some form of proof of these efforts to obtain counsel, plaintiff's motion is usually summarily denied. *Johnson v. City of Port Arthur,* 892 F. Supp. 835 (E.D. Texas 1995); *see also Edgington v. Missouri Department of Corrections,* 52 F.3d. 777 (8th Cir. 1995).  Moreover, the court may consider these rejections in assessing the merits of any given case.

Plaintiff has not met the requisite criteria for Court appointment of counsel.  Most significantly, he has not demonstrated any efforts to secure counsel, nor has he shown any merit to his claims.  See Motion, generally. In the absence of the most cursory evidence that the plaintiff has made efforts to secure counsel, the court must deny the motion to appoint counsel.

WHEREFORE, for the reasons stated herein, Defendants Norma Horne and Dennis Harrison respectfully request that the Court deny Plaintiff's Motion for Appointment of Counsel.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>/s/ Patricia A. Jones_____
>PATRICIA A. JONES [428132]
>Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky_____
RACHEL R. HRANITZKY [974458]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2007, I caused a copy of the foregoing Defendants Norma Horne and Dennis Harrison's Opposition to Plaintiff's Motion for the Appoint of Counsel, Memorandum of Points and Authorities in Support Thereof, and Proposed Order to be served via first class mail, postage prepaid to the following pro se plaintiff: Mr. Antoine Jones, DC #241-912, Rivers Correctional Institute, Inmate Mail/Parcels, P.O. Box 630, Winton, NC 27986.

/s/ Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES, ) | |
| ) | Civil Action No.: 1:07-CV-01027 |
| Plaintiff, ) | Judge Richard J. Leon |
| ) | |
| v. ) | |
| ) | |
| RACHEL LIEBER, NORMA HORNE ) | |
| and DENNIS HARRISON, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of the Plaintiff's Motion for the Appointment of Counsel, Defendants Norma Horne and Dennis Harrison's opposition thereto, and the facts and law considered, it is this ___ day of _____, 2007

ORDERED that Plaintiff's Motion for the Appointment of Counsel is HEREBY DENIED for the reasons set forth in the defendants' opposition.

_____
Judge Richard J. Leon
U.S. District Court for the District of Columbia

Copy to:

Mr. Antoine Jones, DC #241-912
Rivers Correctional Institute
Inmate Mail/Parcels
P.O. Box 630
Winton, NC 27986