UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 07-1027 (RJL) |
| ) | |
| v. ) | |
| ) | |
| RACHEL LIEBER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**FEDERAL DEFENDANT'S MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANT'S MOTION TO DISMISS**

Antoine Jones, Register Number, DCDC 241-912, *pro se* in this action ("Plaintiff"), filed a reply to Rachel Lieber's ("Federal Defendant") Motion to Dismiss Plaintiff's complaint for failure to state a claim. Plaintiff essentially concedes all of Federal Defendant's proffers of grounds to dismiss Plaintiff's complaint except that he argues that the Federal Defendant "stepped out of her capacity of a U.S. Attorney, into the role of an over zealous [sic], vindictive investigator, without the authority and protection from the courts." *Pl. Rep.*, at 1. Plaintiff adds that Federal Defendant "took it upon herself, without the authority of the courts to send a memorandum...for [Plaintiff] to be placed in total separation from the inmate population...." *Id*. at 2. Still, even Plaintiff concedes that, among other things, the Government wanted to "get [him] away from potential government witnesses...." *Id*.[1]

---

[1] Plaintiff's other arguments in opposition to Federal Defendant's Motion to Dismiss are not responsive. For example, Plaintiff argues that the affidavit in support of the search warrant for his cell was "utterly lacking in indicia of probable cause" and that the search of his cell "violated the attorney client privilege." The affiant is another Defendant, Norma Horne. With regard to this Federal Defendant, Plaintiff's complaint alleges only that his placement in "maximum security, under total separation" violated his constitutional rights. *Pl.*

Federal Defendant reiterates that Plaintiff's complaint should be dismissed because, with one possible exception, Plaintiff concedes Federal Defendant's proffered grounds for dismissal. Plaintiff's placement in separation was pursuant to a legitimate government interest. *Fed. Def's Br*. at 10. Although, Plaintiff argues that Federal Defendant exceeded her authority in requesting that he be placed in protective custody, this argument fails because a federal prosecutor may, without violating the individual's constitutional rights, request that a pretrial detainee be placed in separation for a legitimate government objective. *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002).

In *Valdez*, a case with remarkably similar facts to the within matter, plaintiff, the leader of a drug smuggling conspiracy, filed a *Bivens* action against the Federal Prosecutor who had requested that his telephone privileges be suspended pending the arrest of co-conspirators. This prosecutor's requested resulted in plaintiff being placed in administrative segregation. *Id*. at 1042, 1043.[2] The plaintiff's *Bivens* claim was pursuant to the First, Fifth, Sixth and Fourteenth Amendments. *Id*. at 1043. The District Court concluded that, although plaintiff's constitutional rights had been violated, defendants were entitled to qualified immunity. *Id*. But the Ninth Circuit reversed on the grounds that plaintiff's constitutional rights were not violated and did not reach the qualified immunity claim. *Id*.

In addressing the due process claim identical to the one at issue here, the Ninth Circuit looked, as Federal Defendant suggested in her moving brief, at whether plaintiff's placement

---

*Comp*. at 5. Plaintiff's challenges to other affidavits used to obtain evidence in his trial have been unsuccessful. *U.S. v. Jones*, 451 F.Supp.2d 71 (D.D.C. 2006).

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narc*., 403 U.S. 388 (1971).

administrative segregation was pursuant to a legitimate government goal or was punitive. *Id*. at 1046 (citing *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)). The court found that the government had a legitimate governmental interest in protecting the integrity of the investigation into the conspiracy involving plaintiff and to ensure the safety of law enforcement involved in arresting the at-large coconspirators. *Id* at 1046.

Next, the court looked at whether the restriction was reasonably related to the legitimate governmental interest or whether it was, as plaintiff put it, an "exaggerated response." *Id*. In doing so, the court noted that a reasonable relationship does not require an exact fit or a showing of the least restrictive alternative. *Id*. The only question is whether the defendants' judgment was rational in that the decision would advance the governmental interest. *Id*. The court found that defendants' judgment passed the test because it was reasonable in light of the vast drug conspiracy plaintiff led and the measure lasted only as long as necessary to address the government's concerns. *Id*.

As in *Valdez*, *supra*, there is no constitutional violation here and dismissal is proper. The legitimate government concerns here are virtually identical to those in *Valdez*, i.e., that the alleged leader of a vast drug conspiracy could still exert enough influence, even from jail, to undermine the government's case. Here, as a result of a warrant search of Plaintiff's cell, items were found that led Federal Defendant to be concerned about the integrity of the government's investigation and the safety of potential government witnesses including one witness who had, according to correspondence between Plaintiff and one of his love interests, "been snitching." Furthermore, in light of these concerns, placement of Plaintiff in protective custody was proper because it ensured that Plaintiff could not intimidate potential witnesses or thwart the

government's investigation. Federal Defendant exercised rational judgment in requesting that Plaintiff be placed in protective custody.

Relying on *U.S. v. Cohen*, 796 F.2d 20 (2d Cir. 1986), Plaintiff suggests that dismissal is improper because the order to place him in protective custody came from Federal Defendant and not the prison system itself. In *Cohen*, reversing the trial court's denial of a motion to suppress, the court found that the improper search was conducted "solely to bolster prosecution's case against a pre-trial detainee...." *Id*. at 23. In addition, in *Cohen*, the search was conducted before the warrant was obtained. *Id*. at 20-21. In fact, the results of the search were used to support an affidavit for a further search. *Id*. None of those facts exists in this case. Here, the affidavit indicated that, since his incarceration, Plaintiff had been attempting to maintain contact with his now co-defendant in the criminal matter, Lawrence Maynard, through a third person. *See* Attached to Plaintiff's Complaint, Affidavit of Norma Horne dated November 22, 2005. This same Lawrence Maynard had been stopped speeding through North Carolina in a vehicle owned by Plaintiff that had more than $67,000 in a hidden compartment. *Id*. Mr. Maynard and another passenger gave conflicting information about their destination. *Id*. The affidavit also indicates that Plaintiff was attempting to conceal evidence and possibly harm government witnesses. *Id*. These facts make *Cohen* inapposite. On the contrary, the affidavit does establish that the government had a legitimate concern for its ongoing investigation.

Not to mention that Federal Defendant suggested protective custody but it was the prison official that actually concurred and did so. Indeed, Federal Defendant had to request placement in protective custody more than once, which would suggest that the final decision still rested with prison officials. Moreover, as in *Valdez*, there is no legal prohibition on federal prosecutors

making requests to prison officials to monitor an inmate because of a legitimate concern that an inmate could interfere with the government's case.

Finally, while *Cohen* involved a Motion to Suppress evidence, Plaintiff is seeking money damages in this action. The suppression issues in Plaintiff's criminal case have already been twice decided against him. These are reasons *Cohen* does not apply here.

## CONCLUSION

Upon the foregoing, Federal Defendant respectfully requests that Plaintiff's complaint be dismissed or, in the alternative, stayed pending the conclusion of the ongoing trial.

November 30, 2007                     Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4210
Washington, D.C. 20530
(202) 514-7157

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Federal Defendant's Reply to Plaintiff's Opposition to Federal Defendant's Motion to Dismiss was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Antoine Jones
Register Number, DCDC 241-912
1901 D Street, S.E.
Washington, D.C. 20003

on this 30th day of November, 2007

_____/s/_____
KENNETH ADEBONOJO