UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**
JAN - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTOINE JONES
(Plaintiff)

V    Civil Action No. 07-1027(RJL)

RACHEL LIEBER. NORMA HORNE.
DENNIS HARRISON
(Defendants)

### Plaintiff Jones' Response to Defendant's (Rachel Lieber) Motion to Dismiss

The Plaintiff hereby responds to the Federal defendant's motion to dismiss by staying focused on the facts of the truth of the matter. Plaintiff hereby asks the courts to not allow the defendant and their high powered lawyers to manipulate the truth and the facts with legal jargon and abundance of case law riddled with matters not pertaining to the issue or facts of truth outlined by the Plaintiff. The Plaintiff has shown numerous instances where the defendants, including Rachel Lieber, violated the Plaintiff's Constitutional Rights, committed perjury, fabricated stories, and displayed a total disregard for the truth and for the laws governing the land.

### FACTS

**Plaintiff's placement in Total Separation was pursuant to a legitimate government interest.**

(1) Not once has the government (Rachel Lieber) presented testimony nor was evidence presented throughout the entire trial which demonstrate these "legitimate government interest". The government made reference to unsupported "confidential sources" unrelated to this case - - confidential sources who were never called into court

for questioning nor was Jones allowed to face these any of these accusers. Despite the government's efforts to conceal it, evidence and facts were shown in court **that prove the government conspired to fabricate stories with officers**, including defendant Norma Horne (DC MPD), Kelli O'Brien (FBI) and Stephanie Yanta (FBI).

(2) During the suppression hearing on November 15, in US Criminal Case No. 05-386(ESH), the Honorable Judge Ellen Huvelle denied Mr. Jones the opportunity to argue the matter of illegal cell search. Mr. Jones provided the court (Judge Huvelle) with information and evidence to support the argument of **illegal search and seizure** of his DC Jail cell. The transcripts clearly demonstrate Jones was prepared to present truth and facts to expose the government's **violation of Jones' Constitutional Rights** and the government's fabrication of stories throughout the trial. Jones asserts that Judge Huvelle conspired with the prosecutors and the law enforcement officers to **hide the truth** and **conceal** the **corrupt efforts of the government and its representatives**.

Judge Ellen Huvelle boldly stated to the government that she did **not** give a court order to place Mr. Jones in Total Segregation, and to remove Jones from Total Segregation. The Judge further gave Jones access to court (the Law Library).

This hearing shows the undermine actions of Rachel Lieber to force her personally derived punishments on Jones; to go above the law without approval of the courts, and again to violate Jones' Constitutional Rights.

These two instances cited here demonstrate and prove that Rachel Lieber and the other defendants named here did not have any legal grounds to stand on, nor any legitimate government interest. These are instances of self-centered, self-serving prosecutor and law enforcement officers asserting their personal determination to

incriminate, fabricate and deceive the courts and the public in order to convict Mr. Jones irregardless of what the law states.

### Safety of Potential Government Witness

US Assistant Attorneys Rachel Lieber and John Geise stated "the alleged leader of a vast drug conspiracy could still exert enough influence, even from jail, to undermine the government's case, and Ms. Lieber was concerned about the integrity of the government's investigation and the safety of potential government witnesses". Ms. Lieber also stated, "in light of these concerns, placement of Mr. Jones in protective custody (Total Separation) was proper because it ensured that Jones could not intimidate potential witnesses or thwart the government's investigation." Ms. Lieber further asserts that she "exercised rational judgment in requesting that Jones be placed in protective custody (Total Separation)." Both the government and Mr. Jones have the right to question, interview and build a defense with codefendants and witnesses. Jones further asserts that as a defendant in a criminal case, he has a greater legal interest and right network and communicate with his codefendants to build a complete defense, more so than the government.

Here we have an experienced US Assistant Attorney (Ms. Lieber) who has decided to, in her words, "exercise rational judgment" and violate the Constitutional Rights of a pretrial detainee (Mr. Jones) and take actions against Mr. Jones without consulting the court to obtain approval or direction. Ms. Lieber's actions were vigilante, at best. Ms. Lieber and the defendants named here violated the very law that they pretend to uphold in an effort to gain a technical advantage in Criminal Case No. 05-386(ESH). Rachel Lieber violated many of Jones' due process rights throughout the pre-trial and

trial. Ms. Lieber stripped Mr. Jones of incoming and outgoing mail privileges, telephone privileges, social visits and had Mr. Jones subjected to maximum security segregation, total separation.

Ms. Lieber, as an "experienced" US Assistant Attorney, should have known and should have used better judgment than to deliberately violate Mr. Jones' Constitutional Rights according to the Sixth Amendment. Ms. Lieber displayed prosecutorial misconduct in many instances and denied Mr. Jones the right to prepare his defense.

As an experienced US Assistant Attorney, Ms. Lieber surely would have served justice better by using good judgment, not committing prosecutorial misconduct by violating Jones' Constitutional Rights and stripping Jones of his due process. The US Attorney's Office has the option and resources to send any pretrial witness over to the DC Jail C.T.F. facility or to the fourth floor protective unit specifically for cooperators or potential government witnesses. Rachel Lieber's actions were deliberately cruel and clearly outside of her scope of authority. Ms. Lieber's behavior was vindictive and thoughtless.

In the criminal case of Unites States v. Antoine Jones (05-386), Ms. Lieber submitted a Motion in which she states "there were <u>rumors</u> that the guys from Club Levels were looking for someone to kill, intimidate, etc." The fact is this statement was not rumored at all, but instead was a fabricated lie created by Ms. Lieber and was unsubstantiated in any court documents. The statement suggests that there were more than one person, i.e., "guys" but the government never stated the foundation of these "rumors" nor are the persons referred to as "guys" named. Government witness, John Adams, testified that Mr. Jones was not a violent person. The government had absolutely

no evidence to substantiate that Mr. Jones was a violent person. Ms. Lieber ordered Mr. Jones (singular, one person) under total separation to impede Jones' ability to prepare for a fair trial.

The truth of the matter is Mr. Jones, at the request of his attorney, was busy preparing for his defense. Ms. Lieber's misconduct further caused Mr. Jones stress, depression, anxiety, physical pain and suffering, emotional and mental duress.

The fact is, throughout the criminal trial, the government called to testify many violent witnesses. Government witness Kevin Ray: history of violence. It is on record that Mr. Ray stabbed a government cooperator (John Oliver). Mr. Ray gave the order or requested his older brother to execute a female government witness. He was also arrested with a loaded gun. Government witness Donald Hunter: assaulted a police officer with his vehicle, also, assaulted a motor cycle rider with his vehicle causing the motor cycle rider to lose both legs. Mr. Hunter was arrested with a fully loaded gun. Government witness John Adams: known to be a violent person. Mr. Adams is under investigation for various assaults, kidnapping and a suspect in the killing of the young kid Keith Hawkins, aka, Cool Cat (refer to the July 6, 2007 debriefing with AUSA John Geise and SA Ervin. Mr. Adams was also arrested with two loaded guns in his house. Mr. Adams admitted at least one gun was his. Jones asserts these government witnesses were the violent persons.

The other alleged coconspirators and codefendants have demonstrated and proven they are not violent nor were they planning or intending to harm anyone. Codefendant Adrian Jackson: acquitted of all charges. Mr. Jackson was allowed to work on the detail and interact with the general population with no institutional incidents or violent acts.

Codefendant Kirk Carter: outside work detail and eventually released to halfway house where he continued to work his regular job in the community. No violent acts – no incidents. Codefendant Michael Huggins: worked on a plumbing detail, interacted with general population, no incidents or violent acts. Codefendant Demetris Johnson: worked on a detail, interacted with general population, no incidents or violent acts. Mr. Johnson later decided to testify for the government. Codefendant Lawrence Maynard: worked on a detail, interacted with general population, no incidents or violent acts. Mr. Maynard was housed in the CTF facility. The bottom line here, Mr. Jones and none of his codefendants are violent, have violent histories, nor did any of them give the government reason to assert such a statement or belief.

Conclusion: Jones took months to follow the policy and guidelines of the Department of Corrections by exhausting all grievance remedies up to, and including writing the D.C. Mayor's office. During this process, Jones was under the supervision of Acting Warden, Dennis Harrison. Jones' complaints were neglected. The fax from Rachel Lieber ordering Mr. Jones to be placed in Total Separation was not a court order. It was a fax from Ms. Lieber herself. Jones further interjects that the tactic was a ploy by Ms. Lieber to spy on Jones' defense in order to leverage a technical advantage for the prosecutors, albeit out of order and out of line.

Ms. Lieber is trying to pass the responsibility of her misconduct and vindictive decision on to the DC Jail staff. They both are responsible for the conspiracy of these violations. Indeed, like in Valdez, "there is no 'legal' prohibition on federal prosecutors making request to prison officials to monitor an inmate because of a legitimate concern

<u>that an inmate could interfere with the government's case."</u> Jones is hereby requesting the courts to continue this complaint to a jury trial.

Respectfully submitted,

*/s/ Antoine Jones*

ANTOINE JONES, pro se

12-12-07