# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANTOINE JONES,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | **Civil Action No. 07-1027 (RJL)** |
| **v.** ) | **(ECF)** |
| ) | |
| **RACHEL LIEBER, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## FEDERAL DEFENDANT'S OPPOSITION TO "RESPONSE TO DEFENDANT'S []MOTION TO DISMISS"

Rachel Lieber ("Federal Defendant") by and through the undersigned counsel hereby

opposes Antoine Jones' ("Plaintiff") Response to Defendant's Motion to Dismiss.  Federal

Defendant's opposition is based on the following:

1.    On October 5, 2007, Federal Defendant filed a Motion to Dismiss Plaintiff's

*Bivens*[1] claims based on compelling reasons such as Plaintiff's failure to state constitutional

claims as well as Federal Defendant's absolute and qualified immunities.  Although Plaintiff had

not been convicted at the time, Federal Defendant also argued that Plaintiff's claims are barred

under the *Heck* rule based on evidentiary rulings that fall under Heck's other harms rubric.[2]

Specifically, with regard to Plaintiff's claim that he was illegally placed in isolation at Federal

---

[1]    *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narc.*, 403 U.S. 388 (1971).

[2]    *Heck v. Humphrey*, 512 U.S. 477 (1994)(holding that in order to recover civil damages for an alleged unconstitutional conviction, imprisonment or harm cause by unlawful action that would render a conviction invalid, a plaintiff is required to prove that the conviction or sentence has been directly invalidated in a habeas or like proceeding).

Defendant's request, she argued that such a request is proper to protect a legitimate governmental interest.

2.     Plaintiff opposed Federal Defendant's Motion to Dismiss on November 2, 2007, *docket 25*, and Federal Defendant replied on November 30, 2007.  At that time, the motion was fully briefed.  Nevertheless, Plaintiff, *pro se*, filed the pleading to which this one responds without seeking leave.

3.     The gravamen of Plaintiff's post-briefing filing is exactly the same as the issues that have already been briefed exhaustively: namely, that Federal Defendant improperly requested that Plaintiff be placed in isolation.  Plaintiff alleges that Federal Defendant committed perjury, fabricated stories and violated his constitutional claims by requesting his placement in solitary without a legitimate governmental reason.  *Docket 29*, at 2.  Plaintiff even goes as far as to state that Judge Huvelle "conspired" with the government to hide the truth.  In his very next breath, though, Plaintiff appears to soft-pedal by noting that Judge Huvelle said she did not order Plaintiff's placement in isolation.  *Id*.

4.     Regardless, Plaintiff's repeated reliance on this argument in the criminal proceedings before the Honorable Ellen S. Huvelle, 05-386, was yet again recently rejected.  *US v. Jones*, 2007 U.S. Dist. Lexis 81738 (D.D.C. 2007) (ESH).[3]  According to Judge Huvelle, Plaintiff's "ad hominem attacks against government counsel and their investigating agents" added no new facts or analysis than those previously rejected.  *Id*. at *2.

---

[3]     In a comprehensive opinion, Judge Huvelle initially addressed many of Plaintiff's allegations in his various civil complaints that he also raised in his criminal trial.  *US v. Jones*, 451 F.Supp.2d 71 (D.D.C. 2006)(ESH).

5.    Similarly, here, Plaintiff has made repeated conclusory allegations that Federal Defendant violated his constitutional rights.  In her initial and reply brief, Federal Defendant argued that the request was proper in light of Plaintiff's irrefutable attempts to contact his at-large co-conspirators in drug activity to find out the whereabouts of potential government witnesses and letters to friends wherein he requested that same be forwarded to his drug co-conspirators.  Under those circumstances, Federal Defendant's request was proper.  *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002).

WHEREFORE, based on the foregoing, Federal Defendant respectfully requests that her Motion to Dismiss be granted.

March 18, 2008                          Respectfully submitted,

                                       _/s/_____
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney


                                        _/s/_____
                                       RUDOLPH CONTRERAS, D.C. BAR # 434122
                                       Assistant United States Attorney


                                        _/s/_____
                                       KENNETH ADEBONOJO
                                       Assistant United States Attorney
                                       Judiciary Center Building
                                       555 4th Street, N.W. – Civil Division
                                       Washington, D.C.  20530
                                       (202) 514-7157
                                       (202) 514-8780 (facsimile)

3

## <u>CERTIFICATE OF SERVICE</u>

      I certify that I caused copies of the foregoing Federal Defendant's Opposition to Plaintiff's Response to Federal Defendants Motion to Dismiss was served by first class mail upon *pro se* plaintiff at:

Antoine Jones
DC# 241-912
1901 D Street, S.E.
Washington, D.C. 20003

on this 18th day of March, 2008.   _/s/_____

                        KENNETH ADEBONOJO
                        Assistant United States Attorney