UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES,<br><br>       **Plaintiff**<br><br>v.<br><br>RACHEL LIEBER, et al.<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-1027 (RJL)<br>)  (ECF)<br>)<br>)<br>)<br>)<br>) |

**FEDERAL DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST TO SUPPLEMENT FACTS AND EVIDENCE, DOCKET 39**

    Rachel Lieber ("Federal Defendant") by and through the undersigned counsel hereby respond to Antoine Jones' ("Plaintiff") request "to allow the Plaintiff to supplement facts and evidence."  Although it is not clear what pleading Plaintiff is attempting to supplement, it is clear that this pleading is devoid of any new "facts or evidence."

    Federal Defendant's Motion to Dismiss was fully briefed as of November 30, 2007, yet Plaintiff continues to burden the Court and Federal Defendant with meritless pleadings as he did in his criminal trial.  Dockets 29, 39.  In this pleading, as in his complaint, Plaintiff purports to submit additional facts relating to his alleged improper segregation from the  general prison population.  Plaintiff further alleges that his "expectation of privacy" was violated when his prison telephone calls were intercepted.  Also, Plaintiff appears to seek to name additional defendants, Special Agents Steve Naugle and John Snow, who were defendants in other matters brought by Plaintiff that have already been dismissed by this Court.

Plaintiff's request to supplement should be denied because the interest of justice is not furthered by permitting further abuse of the Court's indulgence.

With regard to Plaintiff's alleged improper placement in segregation, that claim fails because, even Plaintiff's own submissions with this pleading, suggest that Federal Defendant was protecting the government's legitimate interest in protecting potential witnesses with intimate knowledge of Plaintiff's involvement in a vast drug conspiracy.  *See Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002)(government has a legitimate interest in protecting witnesses).  The affidavit in support of the search warrant for Plaintiff's cell, sworn by Metropolitan Police Detective Norma Horne and attached to this pleading, suggests strongly that there were legitimate concerns for witness safety.  Correspondence between Plaintiff and associates outside included a statement that an individual known to Plaintiff was "snitching."

Plaintiff's allegation that his telephone conversations were improperly monitored is similarly flawed and undermined by legal precedent.  Even if an inmate subjectively believed his calls were private and protected by the Fourth Amendment, no prisoner should reasonably expect privacy.  *United States v. Gangi*, 57 Fed. Appx. 809 (10th Cir. 2003); *see also United States v. Balon*, 384 F.3d 38 (2d Cir. 2004).  Any expectation of privacy in outbound calls from prison is not objectively reasonable and the Fourth Amendment is therefore not triggered by the routine taping of such calls.  *Gangi*, *supra*.  This conclusion conforms to precedent that expectations of privacy are diminished by the exigencies of prison security, and mirrors the analysis under Title III of the Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2521, that implied consent to monitoring vitiates his expectation of privacy in his inmate calls.  *Id.*  Plaintiff cannot establish a legitimate Fourth Amendment claim under this rubric.

As Federal Defendant argued in her memorandum in support of Motion to Dismiss, any claims by Plaintiff against her would be barred by the doctrine of absolute immunity because the claims relate to her prosecutorial functions performed after the issuance of the indictment against Plaintiff. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Plaintiff's allegations pertain to Federal Defendant's efforts arising from a reasonable and legitimate concern for witness safety and suggests an attempt to preserve the integrity of the prosecutorial process. As the law makes clear, claims arising from those efforts are barred by absolute immunity. Accordingly, as long as Plaintiff continues to burden the Court and parties with the same old allegations, no interest, other than Plaintiff's, is served by permitting such filings.

WHEREFORE, based on the foregoing, Federal Defendant respectfully requests that Plaintiff's request to supplement facts and evidence be denied.

June 23, 2008                                  Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　／s／_____
　　　　　　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　／s／_____
　　　　　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR # 434122
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　／s／_____
　　　　　　　　　　　　　　　　　　　　　　　KENNETH ADEBONOJO
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　　Judiciary Center Building
　　　　　　　　　　　　　　　　　　　　　　　555 4th Street, N.W. – Civil Division
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　　　　　　(202) 514-7157
　　　　　　　　　　　　　　　　　　　　　　　(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

      I certify that I caused copies of the foregoing Federal Defendant's Response to Plaintiff's Supplemental Facts and Evidence was served by first class mail upon *pro se* plaintiff at:

Antoine Jones
DC# 241-912
1901 D Street, S.E.
Washington, D.C. 20003

on this 23rd day of June, 2008.   ___/s/_____
                                             KENNETH ADEBONOJO
                                             Assistant United States Attorney